UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-21038-CIV-UNGARO

ANTONIO AYES,
    Plaintiff,

vs.

H&R OF BELLE GLADE, INC.,
    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO REMAND

THIS CAUSE came before the Court upon Plaintiff's Motion to Remand, filed April 16, 2008. (D.E. 4.) Defendant filed its response on April 16, 2008, to which Plaintiff replied on April 17, 2008. (D.E. 7.) The matter is ripe for disposition.

THE COURT has reviewed the file and the pertinent portions of the record and is otherwise fully advised in the premises.

By way of background, on April 11, 2008, this action was removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446. The complaint consists of two counts, including a claim for violation of Florida's Worker's Compensation Act, Fla. Stat. § 440.205 (Count I) and a claim pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, seeking to recover damages for unpaid overtime wages (Count II). Plaintiff makes the following arguments in support of his motion to remand: (1) Defendant waived its ability to remove this action by filing a motion to dismiss pursuant to Florida Rule of Civil Procedure 1.070(j)[1] and setting the motion for hearing; (2) the claim for violation of Fla. Stat. § 440.205

---

[1] Florida Rule of Civil Procedure 1.070(j) provides:
If service of the initial process and initial pleading is not made upon a defendant

cannot be removed to any district court of the United States because the claim arises under Florida's worker's compensation laws; and (3) the Court should remand the entire case pursuant to 28 U.S.C. § 1441(c) because state law predominates.

The party attempting to invoke jurisdiction has the burden of establishing federal jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Removal statutes also are narrowly construed, and when the parties dispute the issue of jurisdiction, uncertainties are resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

1.   Defendant Did Not Waive its Ability to Remove this Action by Filing a Motion to Dismiss Pursuant to Florida Rule of Civil Procedure 1.070(j) and Setting the Motion for Hearing

A defendant may waive the right to remove to federal court by proceeding to defend the action in state court or by otherwise invoking the process of the state court. *See Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986); *Somoano v. Ryder Sys., Inc.*, 985 F. Supp. 1476, 1478 (S.D. Fla. 1998); *Scholz v. RDV Sports, Inc.*, 821 F. Supp. 1469, 1470 (M.D. Fla. 1993); *Miami Herald Pub. Co. v. Ferre*, 606 F. Supp. 122, 124 (S.D. Fla. 1984). "However, an action to maintain the status quo in state court, as opposed to an action to dispose of the matter, does not

---

within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period. When a motion for leave to amend with the attached proposed amended complaint is filed, the 120-day period for service of amended complaints on the new party or parties shall begin upon the entry of an order granting leave to amend. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).

2

constitute a waiver." *Scholz*, 821 F. Supp. at 1470.  "[A]lthough waiver of the right of removal is possible, 'the defendant's intent (to waive) must be clear and unequivocal.  Waiver will not occur by defensive action in the state court, short of a proceeding to an adjudication on the merits.'" *Miami Herald Pub. Co.*, 606 F. Supp. at 124 (quoting *Bedell v. H.R.C. Ltd.*, 522 F. Supp. 732, 738 (E.D. Ky. 1981) (quoting 1A Moore's Federal Practice § 0.157(9) at 127)).

As the court in *Somoano* observed, "[t]he Florida Rules of Civil Procedure cannot operate to shorten the time period within which to remove a state court Complaint to federal court, and a defendant should not be required to file a motion for extension of time in state court merely to observe both courts' procedural requirements." *Somoano*, 985 F. Supp. at 1476.  Therefore, the *Somoano* court concluded, a defendant "whose sole action in the state court is the filing of the motion to dismiss has not indicated any intent to waive its right to proceed in the federal forum." *Id*. (citing *Miami Herald Pub. Co.*, 666 F. Supp. at 124).  The *Somoano* court also noted, however, that where—as here—the defendant schedules a hearing on the motion to dismiss in state court, a contrary intent might be inferred, particularly in view of the fact that a state court will not rule on the motion until after a properly scheduled hearing.  *Id*. (noting that a defendant does not, however, waive the right to proceed in federal court if the plaintiff requests a state court hearing or the state court judge sets a hearing *sua sponte* and the defendant attends the hearing without requesting a continuance to a date beyond the thirty-day deadline for removal to federal court).

Plaintiff relies on *Somoano*, and argues that because Defendant set a hearing for the motion to dismiss pursuant to Florida Rule of Civil Procedure 1.070(j), Defendant waived the right to remove the action to this Court.  In response, Defendant argues that it did not waive the

3

right of removal because its conduct in state court did not manifest an intent to litigate in state court. In support of its position, Defendant argues that in contrast to the circumstances presented in this action, where Defendant filed a Rule 1.070(j) motion to dismiss for lack of personal jurisdiction for failure to timely effect service of process and had the motion set for hearing, in *Somoano*, the defendant filed a Rule 1.140(6) motion to dismiss for failure to state a claim upon which relief may be granted.

Defendant argues that despite the fact that it had the Rule 1.070(j) motion set for hearing, Defendant did not, by so doing , manifest an intent to make affirmative use of the state court process. Defendant points out that in contrast to a Rule 1.140(6) motion, which is a motion on the merits, a Rule 1.070(j) motion is not on the merits; rather, Florida law "is clear that a party does not subject [itself] to the court's jurisdiction merely by filing a Rule 1.070(j) motion to dismiss." *Pilawski v. Habel*, 718 So. 2d 398, 399 (Fla. 4th DCA 1998); *APAC, Inc. v. Muller*, 889 So. 2d 894, 896 (Fla. 2d DCA 2004). Indeed, "[a] dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1)." Fla. R. Civ. P. 1.070(j).

The Court is persuaded that under the circumstances presented in this case—where Defendant filed a Rule 1.070(j) motion to dismiss for lack of personal jurisdiction for failure to timely effect service of process and had the motion set for hearing—such conduct in state court did not manifest an intent to litigate in state court. Accordingly, the Court finds that Defendant did not waive the right to remove to federal court by proceeding to defend the action in state court or by otherwise invoking the process of the state court. Having determined that Defendant did not waive the right to remove this action to federal court, the Court must consider Plaintiff's

4

argument that its claim for violation of Florida's Worker's Compensation Act, Fla. Stat. § 440.205 is not removable.

2. Plaintiff's Claim for Violation of Florida's Worker's Compensation Act, Fla. Stat. § 440.205 Cannot Be Removed to a District Court of the United States

Pursuant to 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." *See Reed v. Heil Co.*, 206 F.3d 1055, 1057 (11th Cir. 2000). In *Reed*, the plaintiff brought a state court action alleging violations of Alabama's statute barring retaliation for filing workers' compensation claims, and violations of the Americans With Disabilities Act, 28 U.S.C. §§ 12101-12213, ("ADA"), and breach of contract. *Id*. at 1056-57. The *Reed* defendant removed the case to federal court "on the basis of subject matter jurisdiction over the ADA claim and possibly diversity of citizenship as well." *Id*. at 1058. The court in *Reed* found that the plaintiff's claim brought pursuant to Alabama's statute barring retaliation for the filing of workers' compensation claims arose under the state's workers' compensation laws, and that therefore the district court lacked jurisdiction to entertain the plaintiff's retaliatory discharge claim because it fell with in the ambit of 28 U.S.C. § 1445(c). Although the Eleventh Circuit does not appear to have squarely addressed the issue of whether a district court may exercise supplemental jurisdiction over workers' compensation claims where jurisdiction is based on federal question jurisdiction, the *Reed* court's finding that the plaintiff's retaliation claim must be remanded pursuant to § 1445(c) implies that the Eleventh Circuit is in line with the Fifth Circuit and the Eighth Circuit, which have held that § 1445(c) precludes removal of state workers' compensation claims regardless of whether jurisdiction is based on diversity or federal question

5

jurisdiction. *See Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1118 (5th Cir. 1998) (finding that "[a] plain reading of § 1445(c) prohibits the removal of any state worker's compensation claims," and holding "that § 1445(c) prohibits removal of state worker's compensation claims regardless of whether jurisdiction is based on diversity or federal question," precluding a district court from exercising supplemental jurisdiction over state worker's compensation claims when joined with a federal question); *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238 (8th Cir. 1995) (same). Thus, the Court finds that Plaintiff's retaliation claim for violation of Florida Statutes § 440.205 is not removable to this Court, and must be remanded.[2]

---

[2] In reaching this determination, the Court also notes that even if it had the power to exercise supplemental jurisdiction over Plaintiff's retaliation claim for violation of Florida Statutes § 440.205, it would decline to exercise its discretion to do so.

As a general rule, "the federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that 'derive from a common nucleus of operative fact,' such that 'the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises just one constitutional case.'" *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1997). Congress has codified those principles in the supplemental jurisdiction statute, 28 U.S.C. § 1367, which provides, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* at 165 (quoting 28 U.S.C. § 1367(a)). "That provision applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one 'of which the district courts . . . have original jurisdiction.'" *Id.* (citations omitted). "Once subject matter jurisdiction exists, a district court has constitutional authority to hear related state claims even if the federal claim is later dismissed . . . ." *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1222 (10th Cir. 2000).

However, the exercise of supplemental jurisdiction is discretionary. *Int'l College of Surgeons*, 522 U.S. at 172. A federal district court may decline to exercise supplemental jurisdiction over a state law claim if:
> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

3. <u>The Court Has Federal Question Jurisdiction Over Plaintiff's FLSA Claim, and Remand of the Entire Case Pursuant to 28 U.S.C. § 1441(c) Is Not Proper Because State Law Does Not Predominate</u>

Count II of Plaintiff's complaint states a claim pursuant to the FLSA for recovery of damages for unpaid overtime wages. Because the Court has original jurisdiction over the FLSA claim, which appears on the face of the Complaint, Defendant was entitled to remove the action to federal court pursuant to 28 U.S.C. § 1441(b). Because Count II is a claim arising under federal law, and it is not clear that state law predominates as to Plaintiff's FLSA claim, Defendant properly removed the action, and remand is not appropriate as to Count II. Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Remand is GRANTED IN PART and DENIED IN PART in accordance with this ORDER. Count I is REMANDED to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Court retains jurisdiction over Count II.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st day of April, 2008.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

---

28 U.S.C. § 1367(c). In this case, Plaintiff's retaliation claim for violation of Florida Statutes § 440.205 involves novel and complex issues of state law that are wholly unrelated to Plaintiff's FLSA claim. Thus, pursuant to 28 U.S.C. § 1367(c)(1), and in consideration of the interests of judicial economy, convenience and fairness to the litigants, even if this Court had the power to exercise supplemental jurisdiction over Plaintiff's retaliation claim for violation of Florida Statutes § 440.205, it would decline to exercise its discretion to do so.

The Court also notes that Defendant has not presented any argument in opposition to Plaintiff's argument that the claim for violation of Fla. Stat. § 440.205 cannot be removed to any district court of the United States because the claim arises under Florida's worker's compensation laws.

copies provided:

Magistrate Judge Simonton
Counsel of Record